**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2023-0447, <u>In the Matter of Alexander Doyle and Eve Alintuck</u>, the court on June 28, 2024, issued the following order:**

The petitioner's motion to modify the final divorce decree is denied without prejudice. The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The respondent, Eve Alintuck (wife), appeals a final decree of the Circuit Court (<u>Forrest</u>, J.), issued following a hearing, in her divorce from the petitioner, Alexander Doyle (husband). On appeal, the wife argues that the trial court erred by denying her request for a divorce on the fault ground that the husband habitually abused alcohol. <u>See</u> RSA 458:7, VII (Supp. 2023). We affirm.

Whether the irremediable breakdown of the marriage was caused by the fault of one of the parties is a factual question for the trial court. <u>In the Matter of Kempton & Kempton</u>, 167 N.H. 785, 798 (2015). "Our standard of review is not whether we would rule differently than the trial court, but whether a reasonable person could have reached the same decision as the trial court based upon the same evidence." <u>Id</u>. at 799. Accordingly, "[w]e will uphold the trial court's factual findings unless the evidence does not support them or they are legally erroneous." <u>Id</u>. at 798.

Here, the trial court weighed the credible evidence and found that although the husband had abused alcohol at times, and that his alcohol abuse had increased as the marriage was breaking down, the court ultimately determined that the husband's alcohol abuse was not the primary cause of the breakdown of the marriage. Rather, the court concluded that irreconcilable differences had arisen which caused the irremediable breakdown of the marriage, and granted the divorce on that ground. <u>See</u> RSA 458:7–a (2018).

The wife advances several arguments relative to whether the trial court erred by applying an incorrect standard to determine whether the husband's alcohol abuse was sufficient to grant a fault-based divorce under RSA 458:7, VII. Among other things, she contends that the 2022 amendment to Paragraph VII changed the applicable standard from that set forth in <u>In the Matter of Sarvela & Sarvela</u>, 154 N.H. 426, 429-30 (2006). We need not decide this issue, however, because, even assuming that the husband's alcohol abuse meets the applicable standard, the trial court nevertheless found that it was not the primary <u>cause</u> of the irremediable breakdown of the marriage. This is a question of fact for the

trial court, and, although the wife emphasizes different facts and conflicting evidence, our task is not to reweigh the evidence, but to determine whether the court's decision is reasonably supported by the evidence. See Kempton, 167 N.H. at 798-99; Hoffman v. Hoffman, 143 N.H. 514, 519 (1999) (observing that "[t]he trial judge was in the best position to evaluate the evidence, measure its persuasiveness and appraise the credibility of witnesses" (quotation omitted)). Based upon our review, we conclude that the trial court's finding is reasonably supported by evidence in the record. Accordingly, we uphold its decision.

Affirmed.

MacDonald, C.J., and Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**